UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED GLOBAL SERVICES, LTD.,<br>PARADIGM SHIFT TECHNOLOGIES, INC.<br>and GENNADY YUMSTYK<br><br>Defendant. | No. 1:25-cv-01248-EAW |

**NOTICE OF DISMISSAL**

Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and subject to the terms and conditions of the Settlement Agreement between Advanced Global Services, Ltd., Paradigm Shift Technologies, Inc., and Gennady Yumshtyk (the "Defendants") and the United States of America, attached hereto, the United States hereby stipulates to the dismissal of this action with prejudice to the United States for the claims set forth in the Complaint, ECF No. 1. *See* Settlement Agreement, ¶ 2. The United States respectfully request this Court retain jurisdiction to administer, interpret, and enforce the Settlement Agreement, including any disputes, claims, or causes of action relating to the Settlement Agreement and the payments required thereunder.

Respectfully submitted,

MICHAEL DIGIACOMO
United States Attorney

DATED: July 7, 2026
AT: Buffalo, New York

s/ David M. Coriell
Assistant United States Attorney
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5731
david.coriell@usdoj.gov

# Attachment A

# SETTLEMENT AGREEMENT

This Settlement Agreement (Agreement) is entered into among the United States of America, acting through the United States Department of Justice and on behalf of Department of the Air Force and the Department of the Navy (collectively the "United States") and Gennady Yumshtyk, Advanced Global Services Ltd., and Paradigm Shift Technologies Inc., (collectively, the "Defendants") (hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A. Advanced Global Services Ltd., is a Nevada corporation that conducted business at 6114 Bunting Road, Orchard Park, New York.

B. Paradigm Shift Technologies Inc., is a Canadian company that conducts business and is located at 60 Signet Drive, Toronto, Ontario, Canada.

C. Gennady Yumshtyk is a Canadian citizen, United States permanent resident, the former president of Advanced Global Services Ltd., and president and chief executive office of Paradigm Shift Technologies Inc.

D. On November 24, 2025, the United States filed an action in the United States District Court for the Western District of New York captioned *United States v. Advanced Global Services Ltd., Paradigm Shift Technologies Inc., and Gennady Yumshtyk*, 1:25-cv-01248 (the Civil Action).

E. The United States alleges that it has certain civil claims, as described in the Civil Action, against Defendants arising from a Small Business Innovation Research ("SBIR") contract numbered N6833520C0013 awarded to Advanced Global Services Ltd., (the "Covered Claims").

F. This Settlement Agreement is neither an admission of fault or liability by Defendants, nor a concession by the United States that its claims are not well founded.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

TERMS AND CONDITIONS

1. Defendants, without admitting any fault or liability and for the purposes of settling this matter, shall collectively pay to the United States two hundred twenty-three thousand six hundred eighteen dollars ($223,618) (Settlement Amount), by electronic funds transfer pursuant to written instructions to be provided by the Office of the United States Attorney for the Western District of New York. The Settlement Amount shall be due as set forth below:

a. Defendants shall pay one hundred twenty-five thousand six hundred and eighteen dollars ($125,618) within thirty (30) days of the Effective Date of this Agreement;

b. Defendants shall pay forty-nine thousand dollars ($49,000) on or before July 15, 2027;

c. Defendants shall pay forty-nine thousand dollars ($49,000) on or before July 15, 2028;

d. Interest of three percent (3%) per annum will accrue on all the remaining Settlement Amount due beginning on July 15, 2026;

e. There shall be no penalty for pre-payment of any amount due.

2. Upon receipt of the payment described in Paragraph 1.a, above, the United States shall promptly sign and file in the Civil Action a Stipulation of Dismissal of the Civil Action pursuant to Rule 41(a)(1).

3. Subject to the exceptions in Paragraph 4 (concerning reserved claims) below, and conditioned upon the United States' receipt of the Settlement Amount, the United States fully and finally releases Defendants, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners; and the corporate successors and assigns of any of them, from any and all civil or administrative monetary claims the United States alleges it has under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812 or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.

4. Notwithstanding the release given in Paragraph 2 of this Agreement, or any other term of this Agreement, the following usual and standard claims and rights of the United States are specifically reserved and are not released:

a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b. Any criminal liability;

c. Except as explicitly stated in this Agreement, any administrative liability or enforcement right, or any administrative remedy, including the suspension and debarment rights of any federal agency;

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Claims;

e. Any liability based upon obligations created by this Agreement;

f. Any liability of individuals not party to this Agreement;

5. Defendants waive and shall not assert any defenses Defendants may have to any criminal prosecution relating to the Covered Claims that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the

Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such a criminal prosecution or administrative action.

6. Defendants fully and finally release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Claims and the United States' investigation and prosecution thereof.

7. a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Defendants, and their present or former officers, directors, employees, shareholders, and agents in connection with:

(1) the matters covered by this Agreement;

(2) the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement, if any;

(3) Defendants' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s), if any, in connection with the matters covered by this Agreement (including attorneys' fees);

(4) the negotiation and performance of this Agreement;

(5) the payment Defendants make to the United States pursuant to this Agreement,

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

b. Future Treatment of Unallowable Costs: Unallowable Costs, if any, will be separately determined and accounted for by Defendants, and Defendants shall not charge such Unallowable Costs, if any, directly or indirectly to any contract with the United States.

c. Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, Defendants shall identify and repay by adjustment to future claims for payment or otherwise all Unallowable Costs, if any, included in payments previously sought by Defendants or any of their subsidiaries or affiliates from the United States. Defendants agree that the United States, at a minimum, shall be entitled to recoup from Defendants any overpayment, if any, plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs, if any, on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Defendants' books and records and to disagree with any calculations submitted by Defendants or any of their subsidiaries or affiliates regarding all Unallowable Costs, if any, included in payments previously sought by Defendants, or the effect of such Unallowable Costs, if any, on the amount of such payments.

8. The Settlement Amount represents the amount the United States is willing to accept to dismiss its alleged claims arising from the Covered Claims due, in part, to Defendants' financial condition as reflected in the Financial Disclosures that Defendants have provided to the United States, and which the United States has

relied on the accuracy and completeness of those Financial Disclosures in reaching this Agreement.

9. In the unanticipated event that Defendants fails to pay the Settlement Amount as provided in the payment schedule set forth in Paragraph 1 above, Defendants shall be in Default of their payment obligations ("Default"). The United States will provide a written Notice of Default, and Defendants shall have an opportunity to cure such Default within seven (7) calendar days from the date of receipt of the Notice of Default by making the payment due under the payment schedule and paying any additional interest accruing under the Settlement Amount up to the date of payment. Notice of Default will be delivered to Defendants, or to such other representative as Defendants shall designate in advance in writing. If Defendants fail to cure the Default, if any, within seven (7) calendar days of receiving the Notice of Default and in the absence of an agreement with the United States to a modified payment schedule ("Uncured Default"), the remaining unpaid balance of the Settlement Amount shall become immediately due and payable, and interest on the remaining unpaid balance shall thereafter accrue at the rate of nine percent (9%) per annum, compounded daily from the date of Default, on the remaining unpaid total (principal and interest balance).

10. In the event of Uncured Default, Defendants agree that the United States, at its sole discretion, may (i) retain any payments previously made; (ii) take any civil or administrative action to enforce this Agreement in a new action; (iii) offset the remaining unpaid balance from any amounts due and owing to Defendants and/or affiliated companies by any department, agency, or agent of the United States

at the time of Default or subsequently; and/or (iv) exercise any other right granted by law, or under the terms of this Agreement, or recognizable at common law or in equity. The United States shall be entitled to any other rights granted by law or in equity by reason of Default, including referral of this matter for private collection. In the event the United States pursues a collection action, Defendants agree immediately to pay the United States the greater of (i) a ten-percent (10%) surcharge of the amount collected, as allowed by 28 U.S.C. § 3011(a), or (ii) the United States' reasonable attorneys' fees and expenses incurred in such an action. Defendants agree not to contest any offset, recoupment, and/or collection action undertaken by the United States pursuant to this paragraph, either administratively or in any state or federal court, except on the grounds of actual payment to the United States.

11. This Agreement is intended to be for the benefit of the Parties only.

12. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

13. Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

14. This Agreement is governed by the laws of the United States. The exclusive venue for any dispute relating to this Agreement is the United States District Court for the Western District of New York. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to

this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

15. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

16. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

17. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

18. This Agreement is binding on Defendants' successors, transferees, heirs, and assigns.

19. All Parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public, as required and regulated by law.

20. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

**THE UNITED STATES OF AMERICA**

DATED: 7/1/2026 BY: ______________________
David M. Coriell
Assistant United States Attorney
Western District of New York

**ADVANCED GLOBAL SERVICES LTD.; PARADIGM SHIFT TECHNOLOGIES, INC.; AND GENNADY YUMSHTYK**

DATED: July 1, 2026 BY: ______________________
Gennady Yumshtyk, Ph.D.

DATED: ________ BY: ______________________
Daniel McGillycuddy, Esq.

*Counsel for Advanced Global Services Ltd., Paradigm Shift Technologies, Inc., and Gennady Yumshtyk*